Michael J. Raymond
mraymond@raymondgreerlaw.com
**Raymond, Greer & McCarthy, P.C.**
7373 N. Scottsdale Road, Suite D-210
Scottsdale, Arizona 85253
(602) 274-0500
Arizona State Bar No. 009272

Attorneys for Plaintiffs

**United States District Court**

**District of Arizona**

| | |
|---|---|
| Alan R. Anderson,<br><br>     Plaintiff,<br><br> vs.<br><br>British Airways, PLC, dba British Airways,<br><br>     Defendant. | **Complaint** |

For his Complaint against defendant British Airways, Plaintiff Alan R. Anderson alleges as follows:

**Parties and Jurisdiction**

1. Alan R. Anderson, at the time of the accident alleged herein, had his fixed and permanent abode as Maricopa County, Arizona, and as such, his principal and permanent residence is deemed in Maricopa County, Arizona.

2. British Airways is an international airline incorporated in the United Kingdom with its principal place of business located in West Drayton, United Kingdom.

3. At the time of the events alleged herein, British Airways operated services for the carriages of passengers by air, either on its own

aircraft, or on another carrier's aircraft pursuant to a commercial agreement to or from Phoenix Sky Harbor Airport, Maricopa County, Arizona.

4. This Complaint is brought pursuant to Article 17(1) of the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (Montreal Convention). Specifically, Anderson's claim concerns British Airways' liability as a carrier for injury to Anderson as a passenger stemming from a December 4, 2019 accident which caused injury during the course of Anderson's embarking a British Airways flight involving an "international carriage" as defined by Article 2 and 3 of the Montreal Convention.

5. Pursuant to Article 33(2) of the Montreal Convention, this Court has both subject matter jurisdiction and personal jurisdiction over the parties since with respect to damage resulting from passenger Anderson's injuries, an action may be brought in the District Court of Arizona as the United States is the territory of a State Party in which Anderson has and had his principal and permanent residence and British Airways operates services for the carriage of passengers to and from Maricopa County, Arizona by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement; and secondarily, British Airways has purposefully availed itself of the privilege of conducting business in Arizona so as to confer to personal jurisdiction by reason of it having a continuous and repeated presence in Arizona by means of operating flights in and out of Sky Harbor Airport in Phoenix, Arizona; and thirdly, by registering with the Arizona Corporation Commission and appointing a statutory agent for service of process and thereby being authorized to conduct business in Arizona, British Airways has consented to personal jurisdiction in Arizona.

## Claim for Relief

6. Anderson is and was, at all times material to this Complaint, employed by Pratt Industries.

7. Just before embarking on an international business trip for his employer to London, England and Edinburgh, Scotland, Anderson was vacationing with his family in Southern California.

8. Ordinarily, Anderson would commence this international business trip from his home in Phoenix, Arizona. But due to the family vacation, the international business trip was to begin in Los Angeles and was scheduled for five days, including three nights hotel stay, two in London, England and one night in Edinburgh, Scotland before Anderson was scheduled to return to his residence in Phoenix, Arizona. A true and correct copy of Anderson's travel itinerary, prepared by CWT, a travel management company for business travel, is attached as Exhibit 1 which reflects flights, rental car and hotel information associated with the international business trip from December 1, 2019 – December 5, 2019.

9. On Sunday, December 1, 2019 Anderson commenced the first leg of his international business trip by flying on Delta Airlines from Los Angeles International Airport (LAX), Los Angeles, California to Heathrow Airport in London, England, ticket number 0067473326138. A true and correct copy of the Delta App screen shot reflecting this completed flight, posted December 5, 2019, is attached as Exhibit 2.

10. Anderson arrived at Heathrow Airport on the morning of December 2, 2019.

11. Anderson rented a car from Car National, attended to business on behalf of his employer, Pratt Industries, and spent two nights at the Hilton Garden Inn near Heathrow Airport.

12. On Wednesday morning, December 4, 2019, Anderson had a confirmed ticket on the next segment of his international flight, British Airways flight 1432 from London's Heathrow Airport to Edinburgh, Scotland, United Kingdom, confirmation number CODVQT, seat 3C. A true and correct copy of Anderson's ticket on the British Airways flight is attached as Exhibit 3.

13. Immediately after handing his ticket to the gate agent inside the Heathrow Airport terminal, Anderson and his co-employee walked down the jetway at Heathrow Airport to board flight 1432 destined for Edinburgh.

14. While inside the jetway and while under the control of British Airways, Anderson slipped and fell on a wet surface, causing damage to his knee, wrist and most critically, his ankle.

15. Despite being in pain and uncertain of the extent of his injuries, Anderson continued with the business trip. He boarded the British Airways flight to Edinburgh and reported the accident to a flight attendant. He flew on the British Airways flight to Edinburgh, arriving on the morning of December 4, 2019.

16. That same day, Anderson received an email from British Airways Customer Services, attached as Exhibit 4, acknowledging the "issue", assigning case reference number 21365666, and advising that Anderson should hear back from British Airways shortly. He never did.

17. Although he was in significant pain and was unable to walk without crutches, Anderson decided to complete his business trip to the best

of his ability though he was unable to complete a scheduled plant tour in Edinburgh.

18.  Anderson spent the evening of December 4, 2019 at the Doubletree Hotel in Edinburgh, Scotland.

19.  As noted on the CWT travel itinerary (Exhibit 1), Anderson was originally scheduled to return to the United States on December 5, 2019 via an international flight from Edinburgh to Paris, Paris to Minneapolis and Minneapolis to Phoenix. But due to a fire brigade strike in Paris, Anderson was forced to alter his return trip to the United States.

20.  As such, Anderson was rerouted back to the United States through London, and on the morning of December 5, 2019, he flew from Edinburgh to London on British Airways, flight BA 1435, ticket number 006-2179116043. A true and correct copy of the British Airways App Store confirmation and booking refernce number is attached as Exhibit 5.

21.  Anderson arrived in London and learned from his travel agent that the next segment of his international flight home to the United States was a flight from London to Phoenix, Arizona on British Airways, flight BA0289, departing the afternoon of December 5, 2019. This flight is also reflected on Exhibit 5.

22.  Anderson, however, requested a change in flights. As such, he boarded a Delta flight, no. 4348, operated by Virgin Atlantic and flew to Seattle, Washington. He then boarded Delta flight 2538 on December 5, 2019 and flew to Phoenix, Arizona, arriving December 5, 2019, thus completing his international trip. A true and correct copy of these return flight itinerarys is attached as Exhibit 6.

23. Anderson's international trip, as alleged above, constitutes an international carriage of persons pursuant to Article 1 of the Montreal Convention.

24. The incident that caused Anderson's bodily injury was an accident.

25. The incident that caused Anderson's bodily injury was an accident that took place in the course of the operations of embarking the aircraft.

26. The injuries sustained by Anderson as set forth above were severe and meet or exceed the maximum recoverable unde Article 21(1) of the Montreal Convention, currently established at 128,821 Special Drawing Rights or $181,575.

27. Anderson is pursuing damages for the injuries sustained while embarking the British Airways aircraft as authorized by Article 21 (1) of the Montreal Convention.

28. As damages sought are limited to Article 21(1) of the Montreal Convention, British Airways shall not be able to exclude or limit its liability.

**Wherefore**, having stated a claim for relief under the terms of the Montreal Convention, plaintiff Anderson requests judgment in his favor and against British Airways, as follows:

1. For Anderson's medical bills and for pain and suffering and other general damages pertaining to his bodily injury, equal to the maximum of 128,821 Special Drawing Rights, converted into United States of America currency according to the value of such currency at the date of judgment;

2. For costs of suit;

3. For such other and further relief as the Court deems appropriate;

1     DATED this 3rd day of December 2021.

3                             RAYMOND, GREER & MCCARTHY, P.C.

4                             By   *s/Michael J. Raymond*
                                   Michael J. Raymond
                                   7373 N. Scottsdale Road, Suite D-210
                                   Scottsdale, Arizona 85253
                                   Attorneys for Plaintiffs